# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE:

JOSÉ MIGUEL DE JESÚS MIRANDA

CASE NO. 10-01096 ESL

CHAPTER 13

DEBTOR(S)

## NOTICE OF FILING OF PRE-CONFIRMATION
## AMENDED CHAPTER 13 PLAN

Notice is hereby given to all creditors and parties in interest that on this same date and pursuant to Fed. R. Bankr. P. 3015(b), 3015-2(c)(1) the Chapter 13 amended plan dated **April 12, 2010,** a copy of which is attached hereto, has been filed with the Court.

Further notice is given that within seven (7) days prior to the scheduled hearing on confirmation and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the

opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may – in its discretion – schedule a hearing. L.B.R. 3015-2 (f)(1)(C).

In San Juan, Puerto Rico, this 12th day of April 2010.

**HERMAN F. VALENTÍN & ASSOCIATES**
P. O. Box 1888
Bayamón PR 00960-1888
Tel. (787) 200-5426
Fax (787) 200-5428

By: /s/ Herman F. Valentín Figueroa
Herman F. Valentín Figueroa
USDC-PR # 201904

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN RE: **JOSE MIGUEL DE JESUS MIRANDA**

DEBTOR(S)

BK. CASE # **10-01096 ESL**

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • **This plan does not allow claims.** Any party entitled to receive disbursements form the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [✓] directly [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
[ ] 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

**PLAN DATED:** _____
[✓] PRE [ ] POST-CONFIRMATION

[✓] **AMENDED PLAN DATED:** April 12, 2010
FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| | | | | |
|---|---|---|---|---|
| $ 1,010 | x | 1 | = $ | 1,010 |
| $ 730 | x | 37 | = $ | 27,010 |
| $ 1,076 | x | 8 | = $ | 8,608 |
| $ 1,779 | x | 14 | = $ | 24,906 |
| $ ___ | x | ___ | = $ | 0 |
| TOTAL = | | 60 | $ | 61,534 |

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from

[ ] Sale of property identified as follows:
_____
_____

[ ] Other: _____
_____
_____

Periodic Payments to be made other than and in addition to the above.
$ ___ x ___ = $ 0

To be made on: _____

**PROPOSED PLAN BASE**: $ 61,534

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $ 3,000
b. Fees Paid (Pre-Petition): ($ 500 )
c. R 2016 Outstanding balance: $ 2,500

d. Post Petition Additional Fees: $ _____
e. Total Compensation: $ 3,000

Signed: /s/ _____
DEBTOR   JOSE MIGUEL DE JESUS MIRANDA

_____
JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** [ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:

[ ] **ADEQUATE PROTECTION** Payments: Cr. _____ $ _____

[ ] Trustee will pay secured **ARREARS**:
Cr. Wells Fargo     Cr. _____    Cr. _____
Acct. See below     Acct. _____  Acct. _____
$ _____        $ _____      $ _____

[ ] Trustee will pay **REGULAR MONTHLY PAYMENTS**:
(please refer to the above related notice, for important information about this provision)
Cr. _____    Cr. _____    Cr. _____
Acct. _____  Acct. _____  Acct. _____
Monthly Pymt.$ __  Monthly Pymt.$ __  Monthly Pymt.$ __

[ ] Trustee will pay **IN FULL** Secured Claims:
Cr. _____    Cr. _____    Cr. _____
$ _____      $ _____      $ _____

[ ] Trustee will pay **VALUE OF COLLATERAL**:
Cr. _____    Cr. _____    Cr. _____
$ _____      $ _____      $ _____

[ ] Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[✓] Debtor **SURRENDERS COLLATERAL TO** Lien Holder: Toyota Financial Services.

[✓] Debtor will maintain **REGULAR PAYMENTS DIRECTLY** to:
See below.

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[ ] ASUME and Juan M. de Jesus Hernandez.

**C. UNSECURED PREFERRED:** Plan [ ] Classifies [✓] Does not Classify Claims.

[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100% / [ ] "Pay Ahead": _____
[ ] Class B: [ ] Other Class: _____
[ ] Cr. _____    [ ] Cr. _____    [ ] Cr. _____
$ _____          $ _____          $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ _____)
[ ] Will be paid 100% plus ___% Legal Interest. [ ] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**
See attachment.

ATTORNEY FOR DEBTOR: *Herman F. Valentin & Associates*     Phone: **(787) 200-5426**

**Attachment to Amended Chapter 13 Plan
Dated April 12, 2010**

**III. A (2)**

Debtor represents no arrears to Wells Fargo Home Mortgage; however, if any fees or charges are claimed by this creditor they are to be paid by the Trustee. Debtor and spouse are under a pre-nuptial agreement calling for complete separation of assets Current monthly payments are being made directly to creditor by Debtor's spouse.

**III. A (4)**

The collateral to be surrendered to Toyota Financial Services is currently under Debtor's brother's custody in Florida.

**III. B**

Debtor will make direct post-petition domestic support obligation payments to ASUME and Juan M. de Jesus Hernández who is of legal age.

**Other Provisions:**

Lease agreement over current residence is assumed.
Payments are reduced in month number 2 of the plan due to increase in Domestic Support Obligation payments. Payments increase upon younger child's coming of legal age in month 39 and further increase in month 47 when oldest son reaches the age of 25.

Date: 4/12/2010

José Miguel de Jesús Miranda