IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JOSÉ MIGUEL DE JESÚS MIRANDA      CASE NO. 10-01096 ESL

CHAPTER 13

Debtor(s)

## OBJECTION TO CONFIRMATION OF PLAN DATED 7/15/2010
## D. E. #37

TO THE HONORABLE COURT:

María A. Hernández Iglesias, creditor, in the present case, through the undersigned counsel, states and requests relief as follows:

1. The appearing creditor, Ms. María A. Hernández Iglesias, who filed Claim #9 in the amount of $49,149.94 as a priority unsecured claim for child support objects to the plan dated 7/15/2010, d. E. #37.

2. This objection is timely filed as the 21 day period to object such a plan under applicable rules has not expired.

3. The grounds for the objection to the plan are as follows:

a) the debtor fails to submit to the plan all disposable income in as much as he fails to include non filing spouse's income.

It is obvious that the Debtor depends on his non-filing spouse's income for the operation of the household. A cursory review of the Debtors expenses contained in his amended Schedule J of April 12, 2010 makes it obvious to see that he does not cover all his living expenses or that of his household without the help of his spouse.

Debtor also violates the spirit of the Form 22C, Chapter 13 Statement of Current

Income, etc. when he lists his spouse's income as $2,220.00 and then proceeds to eliminate it completely in item 19 as "retained by spouse" with out detailing the grounds for retention. For example, it could be argued that withheld taxes should be adjusted, loan payments for which the spouse is solely responsible or similar items but not a blanket deduction.

Since the spouse's income is necessary for maintenance of the household it becomes part of debtors current monthly income for purposes as stated in 11 U. S. C. §101(10A)(B) The Schedule I should include any amount not legitimately adjusted to then determine his disposable income at the end of Schedule J.

Discovery must be made to determine if these amounts are in fact the real income received by debtors spouse.

b) the plan is insufficiently funded in as much as the income that it states it will have to fund it depends, speculatively, on funds in dispute in local Court as part of the division of the conjugal partnership. This refers specifically to the $13,000.00 lump sum to be paid within 60 months of the commencement of the plan. This amount is claimed by his the appearing creditor as hers in the division of conjugal property and that the debtor has already received from that source of income his portion. In the alternative, without accepting this argument, half of this amount would belong to the appearing creditor and thus the plan would be insufficiently funded.

4. That, in view of the above, it is requested that the Court deny the confirmation of the plan dated 7/15/2010, d. E.#37.

WHEREFORE, It is requested that the Court deny the confirmation of the plan dated 7/15/2010, d. e.#37.

CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY THAT on this date copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Chapter 13 Trustee, Mr. José Carrión Morales, Esq., Ms. Monsita Lecaroz Arribas, Esq., Herman F. Valentín Figueroa, Esq. and by regular mail to Nydia I. Espino, P. O. Box 194542, San Juan, PR 00919-4542; PRA Receivables Management, LLC, P. O. Box 41067, Norfolk, VA 23451.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this July 19, 2010.

**ANTONIO FIOL MATTA LAW OFFICES**
Attorney for the Debtor(s)
Urb. Caparra Terrace
1561 Américo Miranda Avenue
San Juan, PR 00921-2018
Tel. (787) 792-4368
Fax. (787) 792-4763
Email: *afiollaw@onelinkpr.net*

By:     /S/ Antonio Fiol Matta
            Antonio Fiol Matta
            Attorney #201501