UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: JOSE MIGUEL DE JESUS MIRANDA

BK. CASE # 10-01096 ESL

DEBTOR(S)

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** • The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. • This plan does not allow claims. Any party entitled to receive disbursements form the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan. • See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
[✓] directly [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
[ ] 3. The Confirmation Order will not vest property of the Estate on Debtor(s) until the Order discharging Debtor(s) is entered.

PLAN DATED: _____
[✓] PRE [ ] POST-CONFIRMATION

[✓] AMENDED PLAN DATED: April 15, 2013
FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

$ 1,010 x 1 = $ 1,010
$ 730 x 37 = $ 27,010
$ 1,076 x 8 = $ 8,608
$ 1,779 x 14 = $ 24,906
$ ____ x ____ = $ 0
TOTAL = 60 $ 61,534

Additional Payments:
$ _____ to be paid as a LUMP SUM within _____ with proceeds to come from

[ ] Sale of property identified as follows:
_____

[ ] Other: _____

Periodic Payments to be made other than and in addition to the above.
$ ____ x ____ = $ 0
To be made on: _____

**PROPOSED PLAN BASE:** $ 61,534

### II. ATTORNEY'S FEES
To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $ 3,000
b. Fees Paid (Pre-Petition): ($ 500 )
c. R 2016 Outstanding balance: $ 2,500

d. Post Petition Additional Fees: $ _____
e. Total Compensation: $ 3,000

Signed: _/s/_ DEBTOR JOSE MIGUEL DE JESUS MIRANDA

JOINT DEBTOR

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** [ ] Debtor represents that there are no secured claims.
[✓] Secured creditors will retain their liens and shall be paid as follows:

[ ] **ADEQUATE PROTECTION** Payments: Cr. _____ $ _____

[ ] Trustee will pay secured **ARREARS**:
Cr. Wells Fargo    Cr. _____    Cr. _____
Acct. xxxxxx2969   Acct. _____  Acct. _____
$ See attachment.  $ _____      $ _____

[ ] Trustee will pay **REGULAR MONTHLY PAYMENTS**:
(please refer to the above related notice, for important information about this provision)
Cr. _____    Cr. _____    Cr. _____
Acct. _____  Acct. _____  Acct. _____
Monthly Pymt.$ _____  Monthly Pymt.$ _____  Monthly Pymt.$ _____

[ ] Trustee will pay **IN FULL** Secured Claims:
Cr. _____    Cr. _____    Cr. _____
$ _____      $ _____      $ _____

[ ] Trustee will pay **VALUE OF COLLATERAL**:
Cr. _____    Cr. _____    Cr. _____
$ _____      $ _____      $ _____

[ ] Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____    Ins. Co. _____    Premium: $ _____
(Please indicate in "Other Provisions" the insurance coverage period)

[✓] Debtor SURRENDERS COLLATERAL TO Lien Holder: Toyota Fin Svces. See attachment

[✓] Debtor will maintain REGULAR PAYMENTS DIRECTLY to:
Wells Fargo. See attachment.

**B. PRIORITIES.** The Trustee will pay §507 priorities in accordance with the law [§1322 (a)(2)].
[ ] See attachment.

**C. UNSECURED PREFERRED:** Plan [ ] Classifies [✓] Does not Classify Claims.

[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100% / [ ] "Pay Ahead": _____
[ ] Class B: [ ] Other Class: _____
[ ] Cr. _____  [ ] Cr. _____  [ ] Cr. _____
$ _____        $ _____        $ _____

**D. GENERAL UNSECURED NOT PREFERRED:** (Case Liquidation Value = $ _____)
[ ] Will be paid 100% plus ____% Legal Interest. [ ] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**
See attachment.

ATTORNEY FOR DEBTOR: _Herman F. Valentín & Associates_    Phone: (787) 200-5426

**Attachment to Chapter 13 Plan**
**Dated April 15, 2013.**

### III. Disbursement Schedule Sequence

### III. A (2) – Trustee's payment of Secured Arrears

Debtor represents no arrears to Wells Fargo Home Mortgage; however, if any fees or charges are claimed by this creditor they are to be paid by the Trustee.

### III. A (7) – Surrender of Collateral to Lien Holder

The collateral to be surrendered to Toyota Financial Services is currently under Debtor's brother's custody in Florida. Debtor consent's to the lifting of the automatic stay as to this creditor as per stipulation filed with the Court (Docket 34).

### III. A (8) – Debtor's Regular Payments to Lien Holders

Debtor and spouse are under a pre-nuptial agreement calling for complete separation of assets Current monthly payments are being made directly to this creditor by Debtor's spouse.

### III. B – Trustee's Payment of Priority Claims

Priority payments including domestic support obligation arrears with ASUME, José Juan Nazario are to be made as per Stipulation dated March 20, 2013 filed with the Court (Docket 93) and approved as per order dated April 11, 2013 (Docket 96) as follows:

> 1) The amount of the domestic support obligation claim is settled in the amount of $58,971.16; consisting of $48,955.94 in principal amount plus $10,015.22 in accrued interest up to the date of the filing of the present case.
>
> 2) The current amount held by the Trustee of will be used to pay first administrative expenses consisting of Debtor's attorney's fees, and the Trustee's commission; after these payments are made the Trustee will pay priority claims with the Puerto Rico Department of Treasury (Claim 6 for $2,451.79) and claims by counsel José J. Nazario de la Rosa (Claim 10 for $9,000 and Claim 11 for $4,250.63).
>
> 3) The balance remaining of the funds will be used to pay in full interest in the amount of $10,015.22 and the remainder to be credited to the principal amount of $48,955.94.
>
> 4) The Trustee will make disbursements on the domestic support obligation claim amount that includes interest at a rate of 4.25% *per annum* to be credited to principal and interest on the remaining principal balance.



Attachment to Amended Plan 04/ 15/2013
Case No. 10-01096 ESL
Page 2

> 5) Upon completion of the plan, the Debtor will continue making monthly payments in the amount of $1,779 or as determined by the Bankruptcy Court until full satisfaction of the claim.
>
> 6) The Puerto Rico Child Support Enforcement Administration ("ASUME") is to oversee, receive, administer and disburse payments under the terms herein contained until full satisfaction of the claim.

Debtor will make post-petition domestic support obligation payments directly to ASUME for the benefit of his minor son, G. J. De Jesús Hernández until he becomes of legal age in April 21, 2013, and directly thereon as determined by the parties under local law. Debtor will continue making post-petition domestic support obligation payments to Juan M. de Jesús Hernández who is of legal age.

**Other Provisions:**

Tax refunds, if any, received during the pendency of the case will be paid to the Trustee to fund the plan. The plan and its base will be deemed amended in the amounts paid without further need of written amendments.

Lease agreement over current residence is assumed.

Debtor consents that the amounts consigned in the Commonwealth of Puerto Rico's Court of First Instance of San Juan in case <u>Hernández Iglesias v. De Jesús Miranda</u>, KDI 1998-0555, be paid to creditor María Hernández Iglesias. With this payment all matters regarding the liquidation of community property are settled as contained in paragraph 3(h) of the Stipulation dated March 20, 2013 filed (Docket 93) and approved by the Court as per order dated April 11, 2013 (Docket 96).

Date: 4/15/2013

José Miguel de Jesús Miranda
Debtor